IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:18-CV-54-FL

| | | |
|---|---|---|
| AUSTIN RUTH SLAYDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 28, 30). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court rejects the M&R, grants plaintiff's motion for judgment on the pleadings, denies defendant's motion for judgment on the pleadings, and remands this case to defendant pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

On June 2, 2014, plaintiff protectively filed a Title II application a period of disability and disability insurance benefits, and one week later protectively filed a Title XVI application for supplemental security income. Both applications initially alleged a disability onset date of November 1, 2007. Plaintiff subsequently amended her alleged disability onset date to May 9, 2013. The applications were denied both initially and upon reconsideration. Later, plaintiff filed a request

for a hearing before an administrative law judge ("ALJ"), who, after a March 30, 2017, hearing, denied plaintiff's claims by order entered July 14, 2017. Following the ALJ's denial of her applications, plaintiff timely filed a request for review with the Appeals Council. On February 5, 2018, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed complaint in this court seeking judicial review of defendant's decision.

**COURT'S DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 190 (4th

Cir. 2016) (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings. . .and to submit. . .proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 9, 2013. (Transcript of the Record ("Tr.") 19). At step two, the ALJ found that plaintiff had the following severe impairments: rheumatoid arthritis, obesity, fibromyalgia, affective disorder, and anxiety disorder. (Tr. 19). At step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations. (Tr. 20–22).

Before proceeding to step four, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with the following restrictions:

> The claimant is capable of lifting and/or carrying 10 pounds occasionally and less than 10 pounds frequently. She is capable of standing and/or walking at least 2 hours in an 8-hour workday and sitting about 6 hours in an 8-hour workday. She can never climb ladders, ropes or scaffolds, or crawl, and she can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. She can occasionally reach overhead bilaterally but is unlimited in other directions. The claimant can frequently perform handling and fingering bilaterally. She must avoid even moderate exposure to workplace hazards. She is limited to unskilled work, defined as performing simple, routine and/or repetitive tasks in 2-hour increments with customary breaks to complete an 8-hour workday. She can perform no production-pace work, but she can perform goal-oriented work.

(Tr. 22–29).

At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. (Tr. 29). At step five, the ALJ determined jobs exist in the national economy that plaintiff can perform. (Tr. 30–31). Thus, the ALJ concluded plaintiff was not disabled under the terms of the Social Security Act. (Tr. 31).

B.   Analysis

Plaintiff challenges the ALJ's decision to only afford partial weight to the February 2017 medical opinion of Dr. Maria Watson, plaintiff's treating rheumatologist, and the February 2015 medical opinion of Dr. Peter Morris, a consultative examiner.

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). The ALJ must weigh "the medical opinions in your case record together with the rest of the relevant evidence we receive." 20 C.F.R. § 404.1527(b). An ALJ must "evaluate every medical opinion" based on several factors. See 20 C.F.R. § 404.1527(c). Those factors include: 1) whether the physician has examined the applicant; 2) the treatment relationship between the physician and the applicant; 3) the supportability of the physician's opinion, 4) the consistency of the opinion with the record; 5) whether the physician is a specialist; and 6) other factors such as the amount of understanding of defendant's disability programs and their evidentiary requirements, and the physician's familiarity with other information in the record. See id. § 404.1527(c); Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005).

Although an ALJ is not required to expressly consider each factor, the ALJ must provide "good reasons in his decision for the weight he gave" to medical opinion evidence. Oldham v.

5

Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007). In Lewis v. Berryhill, the United States Court of Appeals for the Fourth Circuit considered whether an ALJ properly weighed the medical opinions of two doctors that evaluated a plaintiff for arthritis and other conditions. 858 F.3d 858, 863–64 (4th Cir. 2017). The Fourth Circuit remanded the case to the Commissioner, finding that the ALJ "overlook[ed] critical aspects of [plaintiff's] medical treatment history," ignored "the opinions of outside physicians hired to evaluate [plaintiff's] medical records," and did not properly credit consistent reports of subjective pain by plaintiff throughout the record. Id. at 867–68.

"[F]ibromyalgia, previously called fibrositis, [is] a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue." Benecke v. Barnhart, 379 F.3d 587, 589 (9th Cir. 2004). Symptoms of fibromyalgia include "chronic widespread aching and stiffness, involving particularly the neck, shoulders, back, and hips, which is aggravated by the use of the affected muscles." Tilley v. Astrue, 580 F.3d 675, 681 (8th Cir. 2009) (quoting Stedman's Medical Dictionary 725 (28th ed. 2006)). "Its cause or causes are unknown, there's no cure, and, of greatest importance to disability law, its symptoms are entirely subjective." Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir.1996). "Hence, the absence of swelling joints or other orthopedic and neurologic deficits 'is no more indicative that the patient's fibromyalgia is not disabling than the absence of a headache is an indication that a patient's prostate cancer is not advanced.'" Green-Younger v. Barnhart, 335 F.3d 99, 109 (2d Cir. 2003) (quoting Sarchet, 78 F.3d at 307)); Gerstner v. Berryhill, 879 F.3d 257, 264 (7th Cir. 2018); Revels v. Berryhill, 874 F.3d 648, 663 (9th Cir. 2017); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 243–44 (6th Cir. 2007).

1.  Dr. Watson

Dr. Watson completed a medical source statement summarizing the limitations created by plaintiff's rheumatoid arthritis and fibromyalgia on February 24, 2017. (Tr. 595–96). Dr. Watson opined that plaintiff can sit for a total of two hours in an eight-hour workday and stand or walk for less than one hour in an eight-hour workday. (Tr. 595). Dr. Watson checked boxes indicating that plaintiff can occasionally lift and carry ten pounds or less but can never carry twenty or fifty pounds. (Tr. 595). She noted that plaintiff has limitations in doing repetitive reaching, handling, or fingering, and she stated that plaintiff can use her hands for five percent of an eight-hour workday and use her fingers and arms for ten percent of an eight-hour workday. (Tr. 595). Dr. Watson estimated that plaintiff will never be absent from work as a result of her impairments. (Tr. 596). Dr. Watson wrote "she is disabled." (Tr. 596).

The ALJ gave partial weight to Dr. Watson's opinion for two reasons: her treatment notes allegedly showed her medical opinion was overly restrictive, and she gave an opinion on an issue reserved to the Commissioner.[1] (See Tr. 28–29). With regard to Dr. Watson's treatment notes, the ALJ points out that, around the same time the medical opinion was submitted, Dr. Watson also noted that plaintiff exhibited normal range of motion in the shoulders, elbows, hips, knees, ankles, feet, and spine. (See Tr. 28, 591). Although plaintiff's wrists had some decreased flexion and her hand joints were puffy, plaintiff had no evidence of active synovitis. (Tr. 28, 591). Dr. Watson noted normal strength and did not observe any abnormalities in plaintiff's gait. (Tr. 26, 28–29, 590–91).

---

[1] The ALJ also suggested improper motive. (See Tr. 28). The magistrate judge determined such finding to be baseless, and neither party objected to that portion of the M&R. Finding no clear error, the court turns to the two remaining bases relied upon by the ALJ to limit the weight given to Dr. Watson's opinion.

7

In February 2017, plaintiff reported to Dr. Watson that the medications helped with her rheumatoid arthritis and fibromyalgia. (Tr. 28, 591).

Dr. Watson's treatment notes are not substantial evidence that support discounting her medical opinion. Dr. Watson examined plaintiff for rheumatoid arthritis and fibromyalgia on almost a quarterly basis from February 2015 to February 2017.[2] (See Tr. 501–33, 590–94). With regard to plaintiff's fibromyalgia, Dr. Watson noted during each visit that plaintiff had "diffuse tenderness over the joints; and has tender points at the cervical, supraspinatous, trapezius, lateral epicondyle, medical knee." (Tr. 502, 507, 512, 517, 522, 527, 531, 591). Dr. Watson noted throughout the course of plaintiff's treatment that her fibromyalgia was causing diffuse pain throughout the body and tenderness in areas such as plaintiff's knees. (See Tr. 513, 518, 522, 528, 532–33). Throughout the process, Dr. Watson prescribed several medications for plaintiff to help treat her symptoms and manage her pain. (Tr. 503, 508, 513, 518, 522–23, 528, 532, 592).

The ALJ relies upon Dr. Watson's treatment notes regarding range of motion, synovitis, strength, and gait to justify limiting the weight given to her opinion. (See Tr. 26, 28). While such observations may be relevant for evaluating rheumatoid arthritis, circuit courts across the country have recognized that they fail to properly account for the pain caused by fibromyalgia, which can only be "objectively measured" by assessing plaintiff's tender points. See Gerstner, 879 F.3d at 264; Revels, 874 F.3d at 663; Rogers, 486 F.3d at 243–44; Green-Younger, 335 F.3d at 109; Sarchet, 78 F.3d at 307. The only other justification proffered by the ALJ to limit Dr. Watson's opinion is a selective quotation of Dr. Watson's February 2017 treatment note, where plaintiff indicated that medication to treat fibromyalgia "seemed to help." (Tr. 591). Seizing on this comment, the ALJ

---

[2] The record does not indicate that Dr. Watson examined plaintiff in August 2016.

8

makes the inferential leap that plaintiff's fibromyalgia cannot possibly limit her in the way Dr. Watson opines that it does. However, the ALJ ignores a plethora of other comments in the treatment notes consistently documenting the severity and frequency plaintiff's pain. See Lewis, 858 F.3d at 867–68; (Tr. 501–33). Indeed, in the very same visit that plaintiff said that the medications "seemed to help," Dr. Watson noted that plaintiff is "still having pain daily" arising from her fibromyalgia, and rated her pain an eight on the pain scale. (Tr. 590–91). Therefore, the ALJ relies on nothing more than a scintilla of evidence in the treatment notes to limit Dr. Watson's medical opinion.

Medical source opinions on issues reserved to the Commissioner are not entitled to any weight. 20 C.F.R. § 404.1527(d). One issue reserved to the Commissioner is whether plaintiff is disabled. Id. § 404.1527(d)(1). "[W]hen a medical source renders an opinion that a claimant is disabled or unable to work, the ALJ will consider all of the medical findings and other evidence that support the medical sources opinion, but will not necessarily make a favorable disability determination." Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 256 (4th Cir. 2017) (internal quotations and citations omitted). Here, the ALJ properly declined to give Dr. Watson's statement that plaintiff is disabled any weight, but failed to properly weigh the medical findings and other evidence supporting the medical source's opinion. See id. Consequently, remand is appropriate for the ALJ to properly weigh the medical opinion of Dr. Watson.

2. Dr. Morris

Dr. Morris, a consultative examiner, completed a medical source statement summarizing the limitations created by plaintiff's rheumatoid arthritis and fibromyalgia on February 18, 2015. (Tr. 489–94). In relevant part, Dr. Morris opined plaintiff never can engage in the activities of climbing, balancing, crouching, and crawling due to her postural maneuvers on physical examination. (Tr.

9

494). The ALJ declined to give weight to Dr. Morris' opinion, reasoning that it was "overly restrictive and not consistent with the objective findings of record." (Tr. 27). The ALJ determined that, although Dr. Morris' found plaintiff could not squat or kneel, plaintiff had only slightly reduced strength, no crepitus, effusion, deformities or trigger points, and observed plaintiff does not use an assistive ambulatory device. (Tr. 28, 493–94). As noted above, reliance on such objective evidence may be appropriate when considering rheumatoid arthritis, but it is error to rely on such evidence to discount the limitations imposed by plaintiff's fibromyalgia. On remand, the ALJ should supplement her evaluation of both medical opinions by considering factors such as plaintiff's "medical history, her repeated complaints of pain, the medical evidence of fibromyalgia, her response to prescribed medications, and [] analysis of other doctors' findings." Revels, 874 F.3d at 663; see Johnson, 434 F.3d at 656–57.

## CONCLUSION

Based on the foregoing, the court REJECTS the M&R. Plaintiff's motion for judgment on the pleadings is GRANTED (DE 28) and defendant's motion for the same (DE 30) is DENIED. This case is REMANDED to defendant pursuant to sentence four of § 405(g). The clerk of court is DIRECTED to close this case.

SO ORDERED this 6th day of August, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge